## GLASSCOCK *vs.* GLASSCOCK & DODD.

1. An instrument of writing will not be considered as sealed unless by some expression in the body of the instrument; the maker should show that he intended it to be considered as a specialty. A mere scrawl at the end of the name, with the word " Seal" within it, will not make the writing a bond.—See Cartmill *vs.* Hopkins, 2 Mo. Rep., p. 179, 2d edit.; Boynton *vs.* Reynolds, 3 *Ibid.*, p. 57, 2d edit.; Grimsley *vs.* Administrator of Riley, 5 *Ibid.*, p. 281.

2. The Circuit Court may, in its discretion, permit a mere formal amendment to be made at any time, even during the progress of the trial.

### ERROR to Ralls Circuit Court.

WELLS *and* CAMPBELL, *for Plaintiff in Error.*

The question involved in this case is, " Were the instruments of writing on which the suit was founded notes or bonds." In this case, the writings did not purport to be sealed, either in the body of the paper nor in the testatum, but to each signature was attached the word " Seal," with a scrawl around it.' There was no seal made by wax or by any actual impression, and the question presents itself, whether it can be taken as a seal under our statute. The plaintiff assigns for error the decision of the Circuit Court, in deciding that the said instruments of writing were *bonds* and not *notes*, and in excluding them from being read as evidence in the cause. We contend, on the part of the plaintiff, that this question has been settled by a series of decisions of this Court, as may be seen by reference to the following cases:—Cartmill *vs.* Hopkins, 2 Mo. Rep, 220; (*rep.*, p. 179;) Boyntin *vs.* Reynolds, 3 Mo. Rep., 80; (*rep.*, p. 57;) Grimsley *vs.* Administrator of Riley, 5 Mo. Rep., 281. See, also, 1 Wash. Rep., 270; 1 Mumford's Rep., 490; 4 *Ibid.*, 442.

On motion of the plaintiff, the court permitted to be amended his petition, by inserting the words, "Witness my hand," which had been inadvertently omitted in writing the original petition.

This was a correction of a mere clerical error, which any court would not hesitate to permit, and by which no principle of law was violated, and no injustice done to the defendants. This amendment is fully warranted by our statute of jeofails and amendments, and is in conformity to the liberal and reasonable course of practice that aims at substantial justice to the parties. No argument is needed to prove that this objection on the part of the defendants is untenable.

SCOTT, J., *delivered the opinion of the Court.*

The plaintiff in error sued the defendants in error, by petition in debt on two notes set out in the petition. The instruments on which the suit was brought were not actually sealed, but to them there were scrawls annexed, and within

these scrawls the word "seal" was written in full. There was no recognition of the scrawl as a seal in the body of the instrument. On the trial, the court below refused to permit the notes to be read in evidence, because they were deemed to be bonds, and therefore varied from the writings set out in the petition, which were described as notes.

The court, during the progress of the trial, permitted the plaintiff to amend his petition in a matter of form; this was objected to; the plaintiff took a non-suit and moved to set it aside, which motion being overruled, he brought his writ of error.

In the case of Cartmill *vs.* Hopkins, 2 Mo. Rep., it was held, that to make a scrawl a seal it was necessary that it should appear that the maker intended it as such, by some expression in the body of the instruments to which it was annexed. This decision has been adhered to ever since, and we are not now prepared to depart from it.

The construction put upon our statute, making a writing, to which there was annexed a scrawl by way of seal, a sealed instrument, was adopted in analogy to the interpretation put upon a similar law of the State of Virginia. Judge Tucker, of that State, in one of the early cases on this subject, placed this construction, on the ground that it was necessary, in order to prevent unsealed instruments from being converted into sealed ones by the bare annexation of a scrawl, which could not be so easily affected if the scrawl was recognized as a seal in the body of the instrument. The word seal being written within the scrawl, does not show that the instrument was intended to be a sealed one. That can only be shown by what appears on the face of the instrument. This case is neither within the letter nor spirit of the former decisions, the law of which seems to have been recognized by the general assembly, at the late revision of a change in the phraseology of the former statute, adopting those decisions.

This Court can see no error in permitting the amendments to be made by the plaintiff, as they were formal, although they were made during the progress of the trial. This would seem to be a matter entirely in the discretion of the court below.

The other judges concurring, the judgment will be reversed, and the cause remanded.